(75 App. Div. 573.)

### In re CHESTERMAN'S ESTATE.

(Supreme Court, Appellate Division, First Department. November 7, 1902.)

1. DEPOSIT OF TRUST FUNDS—UNDISCLOSED CONTRACT—AUTHORITY OF COURT—PRESUMPTION.

Code, Civ. Proc. § 813, provides that any one of whom bond is required, and his surety, may enter into an agreement for the deposit of the funds for which the surety is liable in a trust company, so that they may not be drawn out without the written consent of the surety, or on order of the court, with due notice to it. Trustees under a will agreed with a surety company that trust funds should be deposited with a trust company, to be drawn out only on a check signed by the trustees and the surety company. In an action by the beneficiary of the fund to secure an order of the court for the payment to her of a monthly installment of the income, the check for which the surety refused to sign, the contract between the trustees and the surety company was not set out in full. *Held* that, in the absence of a contrary showing, it would be presumed that its provisions were in accordance with the Code, and that hence, due notice having been given the surety, the court would have jurisdiction to make the order.

2. SAME—PROVISIONS INSERTED BY LAW.

Though the contract did not contain a provision that the money might be drawn out on order of the court, it would be read into it, since the contract could only have been made under the authority of Code Civ. Proc. § 813.

3. SAME—AUTHORITY OF SURROGATE.

Under Code Civ. Proc. § 3347, subd. 6, providing that section 813 shall apply to any proceedings before any court or officer or body, the surrogate is given jurisdiction to make the order prayed for.

4. IMPAIRMENT OF TRUST FUNDS—DEFALCATION—TRUSTEE AND SURETY RESPONSIBLE.

The fact that a large defalcation by a clerk of trustees under a will had so impaired the trust fund for which the trustees and their surety were liable that checks drawn in supposed payment of income had been impairing the principal, was no excuse for the withholding by the trustees of other installments of the income from the beneficiary to make good the loss.

5. SAME—TAXES—PAYMENT OF INCOME.

Where the income of a trust fund will be sufficient to pay the regular monthly installments to the beneficiary, and yet leave sufficient to meet the taxes when they become due, the fact that the payment of the installments does not leave sufficient to meet the taxes when they first become a fixed liability does not authorize a cessation of the payments by the trustees, since in no event can the taxes become a personal liability of the trustee.

Appeal from surrogate's court, New York county.

Proceedings by Rosalie Chesterman in the matter of the estate of George Chesterman, deceased, for an order directing the payment to her of the income of a trust fund. From an order denying her application, she appeals. Reversed.

Argued before VAN BRUNT, P. J., and HATCH, PATTERSON, INGRAHAM, and LAUGHLIN, JJ.

Geo. W. Van Slyck, for appellant.

Francis Smyth, for respondent.

LAUGHLIN, J. The Lawyers' Surety Company, as surety for Ronald K. Brown and George Chesterman, who were duly appointed trustees under the will of George Chesterman, deceased, entered into an agreement with the trustees by which certain trust funds, the income of which the trustees were required to pay to the appellant and to George Chesterman, should be deposited with the Farmers' Loan & Trust Company on condition that they should be drawn only on the check of the trustees, countersigned by the surety company. For many years the income has been paid to the beneficiaries monthly. Pursuant to the practice in that regard, the trustees on the 30th day of April, 1902, drew a check of the trust company to the order of the appellant on account of said income. The surety company refused to countersign the check, and consequently the trust company would not honor it. The agreement between the surety company and the trustees is not set forth in full, nor is it stated in the moving papers that it is therein provided that the funds should also be payable on the order of the court without the consent of the surety company. The surety company contends that therefore the agreement is not in accordance with the provisions of section 813 of the Code of Civil Procedure, and that the court has no jurisdiction over the fund or trust company. We are of opinion that it should be presumed that the agreement for the deposit of this trust fund with the trust company conformed to the provisions of this section of the Code. But even if it did not, the trust funds have been deposited with the trust company, which interposed no objection to the payment of the check, except that it is not countersigned by the surety company; and, inasmuch as the only authority for such an agreement between the trustees and their surety is to be found in this section of the Code, the provision of the Code to the effect that the agreement shall provide that the trust funds shall be payable on the check of the trustees, and countersigned by the sureties, or upon the order of the court, the latter provision should be read into the agreement.

The surety company further interposes in opposition to the motion two objections: First, that there has been a large loss of income through the defalcation of a clerk of the trustees, and that, without notice of such loss, by checks drawn in payment of income, a large amount of the principal has been paid to the beneficiaries of the income; and, second, that the payment of this income will not leave sufficient funds in the hands of the trustees at the present time with

which to pay the taxes upon the property from which the income arises, which have now become a fixed liability, but have not become a lien upon the property, and would not be payable until the 1st of October, 1902. So far as appears by the record, it was the duty of the trustees and of their surety to make good at once the loss to the estate through this defalcation. The appellant is an innocent party. She had no responsibility with reference to the collection or custody of the funds, and is not responsible for their loss. As against her, therefore, the trustees would not be authorized to withhold payment of her proportion of the income for the purpose of making up the prior loss.

It satisfactorily appears that there is no necessity for withholding from the appellant the monthly income for the purpose of meeting the taxes which are not yet due or payable. It appears reasonably certain that even if the appellant be paid an income monthly, in amounts as heretofore, there will still remain in the hands of the trustees income in amount ample to pay the taxes at the time the same became due. The taxes are assessed to the trustees as such, and, so far as there is any liability upon them, it only extends to the funds in their hands as trustees. There is no danger of their becoming otherwise personally liable which warrants their withholding this income.

The surrogate is given jurisdiction by subdivision 6 of section 3347 of the Code of Civil Procedure to make orders for the payment of trust funds deposited with the trust company pursuant to an agreement made between trustees and their sureties under section 813, Id., upon notice to the surety, which was given in this case.

It follows, therefore, that the order should be reversed, with $10 costs and disbursements and the motion should be granted, with $10 costs. All concur.